**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
JAMIE S. COGBURN, ESQ.
Nevada Bar No.: 8409
jsc@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANE HARRIS, an individual; GARIAN CARTER, an individual; DENISE HADDIX, an individual; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>METLIFE AUTO & HOME INSURANCE AGENCY, INC., a foreign corporation; METROPOLITAN PROPERTY & CASUALTY INSURANCE, INC., a foreign corporation; a Nevada corporation; METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation; DOES I through V, inclusive; and ROE corporations I through V, inclusive,<br><br>Defendants. | Case No: 2:14-cv-00244<br><br><br>**COMPLAINT** |

Plaintiffs, SHANE HARRIS, GARIAN CARTER and DENISE HADDIX ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their law firm of Cogburn Law Offices, hereby allege and complain against METLIFE AUTO & HOME INSURANCE AGENCY, INC., METROPOLITAN PROPERTY & CASUALTY INSURANCE, INC., METROPOLITAN LIFE INSURANCE COMPANY, (collectively "Defendants") as follows:

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

**GENERAL ALLEGATIONS**

1.      Plaintiffs Harris, Carter and Haddix were "claims adjusters" (a/k/a "adjusters") in Defendants' insurance-based businesses for auto, home, life, property and casualty. Plaintiffs were, at all relevant times, residents of Nevada.

2.      Until approximately October 2013, Defendants classified Plaintiffs, and all others similarly situated, as 'exempt' from the overtime provisions of the Fair Labor Standards Act.

3.      Plaintiffs allege for themselves and others similarly situated, Defendants intentionally misclassified Plaintiffs as 'exempt' from the FLSA's overtime provisions.

4.      Defendants have employed, and continue to employ, adjusters like Plaintiffs nationwide. Upon information and belief, all of Defendants' adjusters were misclassified as exempt from overtime. Plaintiffs were required to "work in a collaborative manner with other business units" to advance insurance claims.

5.      In fact, Plaintiffs are aware other MetLife adjusters in St. Louis, Missouri, Dallas, Texas, Freeport, Illinois and Charlotte, North Carolina, routinely mentioned  to Plaintiffs they worked similar hours at home/in the office beyond 40 hours a week.

6.      Plaintiffs bring these claims individually and on behalf of all non-exempt employees subject to Defendants' illegal wage-and-hour practices.

7.      Defendants willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts alleged. The collective action claims are for overtime compensation, liquidated damages, and/or interest, and attorneys' fees and costs, under the FLSA, 29 U.S.C. §§ 207 and 216(b).

**THE PARTIES**

8.      Plaintiffs Harris, Carter and Haddix were, at all relevant times, residents of Clark County, Nevada.

9.      Defendant MetLife Auto & Home Insurance Agency, Inc. was, at all relevant times, a foreign corporation conducting business in Nevada.

10.      Defendant Metropolitan Property & Casualty Insurance Inc. was, at all relevant times, a foreign corporation conducting business in Nevada.

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

11.     Defendant Metropolitan Life Insurance Company conducts business through its subsidiaries, affiliates and/or parent companies in Nevada.

12.     Defendants are an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. §203 (r)(1). More specifically, Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, in that Defendants have engaged in annual gross volume of sales made or business done exceeds $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes.

13.     At all times hereto, Defendants were Plaintiffs' "employer" and thus subject to the FLSA, 29 U.S.C. §201 *et seq*.

14.     The true names of DOES I through X and Roe Corporations I through X, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiffs who therefore sues this Defendant by such fictitious names. Plaintiffs are informed and believes, and therefore alleges, that Defendant, including DOES I through X and Roe Corporations I through X, were individuals who are in some manner negligent and wrongful towards Plaintiffs, caused injury to Plaintiffs, and/or otherwise damaged Plaintiffs.  Plaintiffs are further informed and believes, and therefore alleges, that each of the Defendants, designated as DOES I through X and Roe Corporations I through X, are or may be, legally responsible for the events referred to in this action and other events not mentioned in this action, and caused damages to the Plaintiffs including but not limited to causing Plaintiffs to not be paid their lawful wages. Plaintiffs will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

### JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(3) as the controversy arises under the laws of the United States. Specifically, the claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et. seq. (FLSA).

16.     Supplemental jurisdiction is appropriate for Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

17.     Venue is proper in the District of Nevada (and its unofficial Southern District) because Defendants conduct business and maintained offices in Henderson, Nevada.

**GENERAL ALLEGATIONS**

18.     Adjusters are not "professionals" or "executives", as those phrases are defined by the FLSA.

19.     Nor are the adjustors "administrators", as that phrase is defined by FLSA.

20.     The job description Defendants drafted regarding these adjusters contains a line stating "Supervisory Responsibilities: None".

21.     Defendants employ adjusters like Plaintiffs nationwide at facilities in Henderson, Nevada, St. Louis, Dallas, Freeport, Illinois and Charlotte, North Carolina.

22.     Adjustors do not:

    a.     Have the authority to make independent decisions free from immediate supervision, *i.e.*, they do not exercise independent judgment or discretion;

    b.     Have the authority to formulate, affect, interpret or implement management policies or operating practices;

    c.     Carry out major assignments in conducting the operations of the business;

    d.     Perform work that affects the business operations to a substantial degree;

    e.     Have authority to commit Defendants in matters that have significant financial effect;

    f.     Have the authority to deviate or waive established policies and procedures without prior approval;

    g.     Have the authority to negotiate for and bind the company on significant matters;

    h.     Provide consultation or expert advice to management; and is not involved in long- or short-term business objectives;

    i.     Investigate and resolve matters of significance on management's behalf.

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

23.     Plaintiffs bring this action under the FLSA for themselves, individually, and for others similarly situated. Plaintiffs bring this action under Nevada state law as an individual claims.

24.     The Henderson claims office "merged" with the St. Louis, Missouri office sometime in early 2012 and the Freeport, Illinois office in 2013. As a result, the ARC department became one 'umbrella'. This meant any ARC adjuster could handle claims from almost every other state.

25.     After the "merger", all ARC reps were required to be licensed and complete the Rhode Island licensing exam, as well as other state exams such as California and South Carolina exams, among others.

26.     MetLife's H.R. Representative Sally Elrod and Director Rusty McFarland visited the Henderson, Nevada location in October 2013.

27.     In a company-wide meeting, Ms. Elrod stated "because of the Allstate case" (Allstate misclassified its adjusters as 'salaried' employees, MetLife would not convert the adjusters throughout the United States to "hourly" employees who were entitled overtime, but this only applied to ARC adjusters.

28.      Ms. Elrod further stated overtime must be approved, in advance. She also mentioned discipline could be issued for improper time management. She never mentioned, however, "how" adjusters were expected to complete their work in an 8 hour shift.

29.     Defendants also employ adjusters in AIU (auto investigative unit), CIU (casualty investigative unit), Med pay/no fault, field appraisers and underwriters who are still misclassified as 'exempt' from the overtime provisions of the FLSA even after the meeting with Ms. Elrod in October 2013.

## FIRST CLAIM FOR RELIEF

### (Violation of the Fair Labor Standards Act – Individually And On Behalf Of All Others)

30.     Plaintiffs hereby repeat and reallege each paragraph above as if fully set forth herein.

31.     This claim arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for its misclassification of and consequent failure to pay overtime wages to Plaintiffs and all others similarly situated for all time worked in excess of forty (40) hours in individual work weeks.

32.     At all material times hereto, Plaintiffs were employed by Defendants as "employees" within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

33.     Plaintiffs performed a variety of job duties and responsibilities for Defendants within this judicial district.

34.     At all times relevant, Plaintiffs' job title, while laboring for Defendants, was, *inter alia,* Adjustor. Adjustors were improperly classified as "exempt" from overtime, presumably because Defendants consider them qualified under the exemptions outlined by FLSA.

35.     The FLSA exemptions do not apply under these circumstances. Adjustors are not "professionals". They are not "executives". As outlined above in paragraph 22 *supra*, Adjustors are not "administrative" employees, either.

36.     Adjustors are employees whose primary function is manual labor and exercise no (or if any, very little) discretion or independent judgment while acting as Shift Supervisors.

37.     There are at least 100 and possibly as many as 200 "Adjustors" working at Defendants' locations throughout the United States.

38.     Plaintiffs have been Defendants' employees during the time period pertinent to this Complaint, to wit, during a portion of the three years immediately preceding the initiation of this action.

39.     At all material times hereto, Defendants were Plaintiffs' "employer" and the employer of all similarly situated Plaintiffs per the FLSA, 29 U.S.C. §203(d).  The named Plaintiffs brings this first claim for relief pursuant to 29 U.S.C. 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

40.     At all relevant times and during the course of their employment for Defendants, Plaintiffs and those similarly situated were employed by Defendants and were not exempt from the overtime wages provisions of the FLSA, 29 U.S.C. §207.

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

41.     Plaintiffs and those similarly situated were directed by Defendants to work, and did such work, in excess of forty (40) hours per week. In fact, on average, Plaintiffs worked up to 8 to 12 hours a week in excess of forty (40) hours per week.

42.     Pursuant to 29 U.S.C. §207, Plaintiffs and those similarly situated were entitled to be compensated at a rate of one and one-half times her regularly hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

43.     Defendants did not compensate Plaintiffs, and those similarly situated, at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

44.     Instead, Defendants paid Plaintiffs, and those similarly situated, their regular rate of pay for all hours worked, including hours worked in excess of forty (40) in individual work weeks.

45.     For example and on average, for each of her pay periods, Plaintiffs worked in excess of 40 (forty) hours per week but was paid on a salary basis with no overtime. In violation of the law, Defendants set Plaintiffs, and those similarly situated, a set salary rate despite the fact they, and those similarly situated, worked overtime.

46.     Defendant's failure and refusal to pay lawful wages, including overtime wages, to Plaintiffs, and those similarly situated, for all time worked in excess of forty(40) hours per week violated the FLSA 29 U.S.C. §207.

47.     Defendant willfully violated the FLSA by refusing to pay Plaintiffs, and those similarly situated, all lawful wages, including overtime wages, for all time worked in excess of forty (40) hours per week.   Defendants intentionally and/or willfully violated the FLSA as alleged herein.

48.     The named Plaintiffs seek for themselves, and all others similarly situated who consent in writing to join this action, a judgment for unpaid overtime wages and/or unpaid minimum wages, and additional liquidated damages of 100% of any unpaid minimum wages and/or overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named Plaintiffs and any such other persons who

consent to join this action. Plaintiffs also seeks an award of attorneys' fees, interest and costs as provided for by the FLSA.

**WHEREFORE**, Plaintiffs prays for judgment against Defendants as follows:

1.    A judgment in the amount of one and one-half times Plaintiffs and those similarly situated for their hourly wage rate for all time which Plaintiffs, and those similarly situated, worked in excess of forty (40) hours per week;

2.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

3.    Reasonable attorneys' fees and costs incurred in filing this action;

4.    Compensatory Damages in excess of $10,000.00;

5.    Special Damages in excess of $10,000.00; and

6.    Such other and further relief as this Court deems appropriate and just.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiffs hereby demand a jury trial.

Dated this 14th day of February 2014.

Respectfully Submitted By:

**COGBURN LAW OFFICES**



By
ANDREW L. REMPFER, ESQ.
JAMIE S. COGBURN, ESQ.
Attorneys for Plaintiffs

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936