**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
JAMIE S. COGBURN, ESQ.
Nevada Bar No.: 8409
jsc@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANE HARRIS, an individual; GARIAN CARTER, an individual; DENISE HADDIX, an individual; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>METLIFE AUTO & HOME INSURANCE AGENCY, INC., a foreign corporation; METROPOLITAN PROPERTY & CASUALTY INSURANCE, INC., a foreign corporation; a Nevada corporation; METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation; DOES I through V, inclusive; and ROE corporations I through V, inclusive,<br><br>Defendants. | Case No: 2:14-cv-00244-RCJ-CWH<br><br>**JOINT MOTION TO APPROVE SETTLEMENT** |

Plaintiffs Shane Harris, Garian Carter and Denise Haddix and Defendants MetLife Auto & Home Insurance Agency, Inc., Metropolitan Property & Casualty Insurance, Inc., and Metropolitan Life Insurance Company, by and through their respective counsel, (collectively "the Parties") have entered into confidential Settlement Agreements which include a release of claims.[1]  The Parties, through their respective undersigned counsel, hereby request that the Court

---
[1] Metropolitan Property and Casualty Insurance Company has been improperly named in the Complaint as Metropolitan Property & Casualty Insurance, Inc.

enter an Order approving the Agreements and dismissing this matter in its entirety with prejudice. As grounds for the Motion, the Parties jointly state the following:

1. Defendants formerly employed Plaintiffs as, generally, "insurance adjusters" in Henderson, Nevada. There were two types of adjusters, one were in the category called "ARC Adjusters". The other were categorized as "Casualty Adjusters".

2. Plaintiffs initiated this action as a collective action pursuant to 29 U.S.C. § 216(b) on their behalf and on behalf of other, similarly situated employees.

3. Plaintiffs, and those similarly situated, alleged they were improperly classified as "exempt" employees by Defendants and were thus deprived of overtime wages for all hours worked in excess of forty (40) hours per week.

5. Defendants deny they misclassified Plaintiffs and those similarly situated. Nonetheless, the Parties have reached a settlement on behalf of those adjusters who have sought to join the action.

6. The parties have submitted under seal for in-camera review only copies of the Settlement Agreements in this case. *See* **Exhibit 1 and Exhibit 2** to Joint Motion to File Documents Under Seal.

7. While a settlement resolving an FLSA claim does not have to be approved by a court in order to be effective and/or binding (*see* 29 U.S.C. Section 253(a); Fed. R. Civ. P. 41; *Martin v. Spring Break Productions, L.L.C,* 688 F.3d 247 (5th Cir. 2012); *Picerni v. Bilingual SEIT & Preschool Inc.,* 25 F.Supp. 2d 368 (E.D.N.Y. 2013)), a number of courts have suggested either that judicial approval is required or is a prudent act. *See Artiaga v. Hutchins Drywall, Inc.*, 2:06-cv-1177-KJD-LRL, 2011 U.S. Dist. LEXIS 84007 *3 (D. Nev. July 28, 2011). A court may approve a settlement if the settlement reflects a "reasonable compromise" over the issues. *Id.*

8. The named plaintiffs and their counsel have determined after careful examination and due diligence that the settlements are fair, equitable, and in compliance with the policies of the FLSA.

COGBURN LAW OFFICES
2879 St. Rose Pkwy., Suite 200
Henderson, Nevada 89052
(702) 384-3616 FAX: (702) 943-1936

9. The Parties were represented by competent counsel with experience in this area of law. Plaintiffs' counsel, Andrew L. Rempfer, Esq., is an experienced employment law litigator, and has represented thousands of claimants in FLSA actions. Defendants were represented by Christopher A. Parlo, Esq., of Morgan Lewis & Bockius LLP, which has similarly represented hundreds of clients in FLSA actions. The Parties believe, as noted by the joint submission of this Motion, that the Plaintiffs' FLSA claims have been settled fairly based upon the evidence, the risks involved in trying to litigate this matter to seek a better or different resolution, and the delay and expenditure of time and resources that would be inherent in continuing to litigate.

10. The Parties jointly request that the Court review the Agreements and enter an order approving the Agreements.

11. The Parties further request that the Court, after approving the Agreements, dismiss this matter with prejudice.

DATED: December 5, 2014.

| Respectfully Submitted By: | Respectfully Submitted By: |
|---|---|
| **COGBURN LAW OFFICES** | **MORGAN, LEWIS & BOCKIUS LLP** |
| By:/s/ Andrew L. Rempfer, Esq. | By: /s/ Christopher A. Parlo, Esq. |
| ANDREW L. REMPFER, ESQ. | CHRISTOPHER A. PARLO, ESQ. |
| JAMIE S. COGBURN, ESQ. | Attorneys for Defendants |
| Attorneys for Plaintiffs | *Pro Hac Vice* |
| | **PRINCE & KEATING** |
| | By:/s/ Dennis Prince, Esq. |
| | DENNIS PRINCE, ESQ. |
| | Attorneys for Defendants |