**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHANE HARRIS, an individual; GARIAN CARTER, an individual; DENISE HADDIX, an individual; individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

METLIFE AUTO & HOME INSURANCE AGENCY, INC., a foreign corporation; METROPOLITAN PROPERTY & CASUALTY INSURANCE, INC., a foreign corporation; a Nevada corporation; METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation; DOES I through V, inclusive; and ROE corporations I through V, inclusive,

Defendants.

Case No: 2:14-cv-00244-RCJ-CWH

**ORDER APPROVING SETTLEMENT**

On December 5, 2014 the parties filed a Joint Motion to Approve Settlement [Dkt. #31]. On December 16, 2014 the parties, by and through their counsel of record, Andrew L. Rempfer, Esq. of Cogburn Law Offices and Christina M. Mamer, Esq. of Prince & Keating, appeared at the hearing regarding the Joint Motion.

The Court reviewed the papers and pleadings on file herein and the respective arguments of counsel. The Court also provided an opportunity for objections to be lodged to the settlement. No objections were made after the Court inquired during the hearing that was noticed for, and occurred on, December 16, 2014.

After due consideration to the positions counsel articulated during the hearing, the Court finds and concludes as follows:

The proposed settlement resolves a wage and hour lawsuit pending since February 2014. Plaintiffs alleged they were misclassified as exempt from overtime under the Fair Labor Standards Act ("FLSA") and state law.

The parties participated in a private mediation before Mediator Michael Dickstein on October 15, 2014. At the mediation, the parties successfully resolved their claims. At the mediation, the parties reached a global resolution of this dispute, subject to Court approval and without any admission of liability, for the sum of $425,000, inclusive of attorneys' fees and costs. The Settlement Stipulation reached in this matter also contains a provision to calculate a damages/settlement figure for any future plaintiffs who may later seek to assert similar claims.

Settlements of FLSA claims may be submitted to a court for judicial approval. *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation*, 2009 WL 3253947, 2 (D. Ariz. 2009) ("FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. §216(b).") (citing *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, 9 (S.D. Tex. 2008); *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "The court 'may approve a settlement if it reflects a reasonable compromise over issues.'" *Sepracor*, 2009 WL 3253947 at 2 (citing *Hand v. Dionex Corp.*, 2007 WL 3383601 at 1 (D. Ariz. 2007); *Lynn's,* 679 F.2d at 1354).

The proposed Settlement reflects a good faith resolution of the issues in this case. Plaintiffs alleged that Defendants were liable for, among other things, alleged unpaid wages, liquidated damages and attorneys' fees. Defendants, on the other hand, strongly contested liability under the FLSA and whether there were any damages. There are genuine disputes as to, among other things, whether Plaintiffs were misclassified, the amount of hours Plaintiffs allegedly worked and whether any hours qualified for overtime, and whether the rate at which Plaintiffs should be compensated was proper. The Settlement is not a product of collusion between the parties. The proposed settlement is "a fair and reasonable compromise of a bona fide

dispute under the FLSA." *Prater*, 2008 WL 5140045 at 2.[1]

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Joint Motion to Approve Settlement is GRANTED IN ITS ENTIRETY consistent, in all parts, with the relief sought in the Joint Motion [Dkt. #31]. As explained above, the Settlement is a fair and reasonable compromise of all claims in this bona fide dispute;

IT IS FURTHER ORDERED that on or before January 2, 2015, the parties shall submit a Stipulation and Order for dismissal with prejudice, with each party bearing their own attorneys' fees and costs.

Dated February 9, 2015.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

Respectfully Submitted By:

**COGBURN LAW OFFICES**

By: /s/ Andrew L. Rempfer, Esq.
ANDREW L. REMPFER, ESQ.
Attorneys for Plaintiffs

Approved As to Form and Content By:

**MORGAN LEWIS & BOCKIUS LLP**

By:_____
CHRISTOPER A. PARLO, ESQ.
Attorneys for Defendants
*Admitted Pro Hac Vice*

And

**PRINCE & KEATING**

By:_____
DENNIS PRINCE, ESQ.
Attorneys for Defendants

---

[1] As noted in the parties' Settlement Stipulation, the payment of settlement funds is a compromise, settlement and accord and satisfaction of alleged loss, damages, claims, actions, causes of action, suits and liability, all of which are expressly denied, doubtful, uncertain and disputed.